**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Citytrust, Plaintiff,**

v.

**LENOX HILL RADIOLOGY ASSOCI-ATES, Lenox Hill Leasing Associates, Lenox Hill Radiology and Medical Imaging Associates, P.C., Frank M. Purnell, M.D., David A. Follett, M.D., Erich Eidenschenk, M.D., Mrs. Erich Eidenschenk, Carmel Donovan, M.D., Otto Spamer, Jr., Diasonics, Inc., Toshiba America Medical Systems, Inc., Defendants.**

**No. 92 Civ. 3374(MEL).**

United States District Court, S.D. New York.

Nov. 1, 1994.

Cummings & Lockwood, Stamford, CT, John F. Carberry, Seth J. Arnowitz, of counsel, for plaintiff.

Goodkind Labaton Rudoff & Sucharow, New York City, Joseph H. Einstein, of counsel, for Lenox Hill defendants.

Ford Marrin Esposito Witmeyer & Gleser, New York City, John J. Witmeyer, III, Edward M. Pinter, David A. Beke, of counsel, for defendant Toshiba America Medical Systems, Inc.

LASKER, District Judge.

Toshiba moves for summary judgment dismissing the FDIC's claim that it is liable under a guaranty agreement between the two parties. The motion is denied.

### I.

This dispute has its origin in three loan agreements (the "Loans") between a Con-

necticut bank and trust company called Citytrust and three affiliated entities (the "Lenox Hill parties") the combined assets of which comprised a radiology practice. On October 14, 1987, Diasonics guaranteed payment on the Loans to the extent of $725,000 as an inducement to Citytrust to loan to the Lenox Hill parties, who were planning to use a portion of the proceeds to purchase equipment from Diasonics.

By 1991, both Citytrust and Diasonics were replaced by other entities as parties to the Diasonics guaranty. In August 1989, Toshiba America Medical Systems assumed Diasonics' obligations under the guaranty in connection with Toshiba's purchase of certain of Diasonics' assets. In August 1991, the FDIC became Citytrust's receiver when the latter became insolvent.

On May 8, 1992, the FDIC sued the Lenox Hill parties under the Loans and Toshiba under the guaranty after the Lenox Hill parties defaulted. On April 12, 1993, the FDIC and the Lenox Hill parties signed a settlement agreement under which the Lenox Hill parties agreed to a certain schedule of payments which, when completed, would satisfy the Loans as between them and the FDIC. The April 12 agreement was largely superseded by another agreement dated December 31, 1993, which called for a one-time settlement payment in an amount less than the aggregate principal amount of the Loans. This settlement payment was in fact made prior to the execution of the December 31 agreement. The effect of the agreement was therefore to release the Lenox Hill defendants from their obligations under the Loans.

Toshiba makes two related arguments in support of its motion. First, it contends that the FDIC and the Lenox Hill parties designed the April 12 and December 31 agreements in such a way that if Toshiba is liable under the guaranty it will be without any recourse against the Lenox Hill parties and that the arrangement is so infused with bad faith that it ought not to be enforced. Second, Toshiba maintains that once the Loans were extinguished by the December 31 agreement, the guaranty ceased to have effect because, at that point, there was no longer any debt to secure.

The FDIC grounds its arguments in Connecticut law as well as the language of both the guaranty and the April 12 and December 31 agreements that resulted in the Lenox Hill parties' release from their obligations under the Loans. The FDIC contends that (1) Toshiba contractually waived the defenses it raises here, (2) the FDIC had the right to—and in fact did—reserve in the December 31 agreement the option of pursuing Toshiba under the guaranty and (3) under the Uniform Commercial Code as codified in Connecticut, release of a debtor does not diminish a guarantor's obligations.

All of the documents relevant to this action provide—and the parties do not dispute—that Connecticut law is to apply where appropriate.

## II.

Assuming that Toshiba has correctly described the intent of the FDIC and the Lenox Hill parties in drafting their settlement and the status of the law generally, the FDIC is nevertheless correct that Toshiba remains liable as guarantor because the terms of its guaranty clearly contemplate amendments to the loan documents of the type at issue here. Section 2 of the guaranty reads in pertinent part:

> The liability of the Guarantor under this Guaranty shall be absolute and unconditional irrespective of: ...

> (ii) any change in the time, manner or place of payment of, or in any other term of, all or any of the Obligations, or any other amendment or waiver of or any consent to or departure from the Building Loan Agreement, the Building Note, the Equipment Loan Agreement, the Equipment Note, the Line of Credit Agreement, the Revolving Note or any other Loan Document ... other than any change or amendment resulting in a material increase in the principal amount or the interest rate, ... or extension of the final payment date, of the Building Note, Equipment Note or the Revolving Note [or] ...

> (v) the full or partial discharge of the Borrower or Leasing Entity in bankruptcy or similar proceedings or otherwise; [or]

(vi) any other circumstance which might otherwise constitute a defense available to, or a discharge of, the Borrower or the Leasing Entity in respect of the Obligations or of the Guarantor in respect of this Guaranty....

These provisions, unambiguous and broadly worded as they are, preclude Toshiba's release under any circumstance except an increase in the amount owed or an extension of the final payment date. All other changes to or amendments of the loan agreements—including "the full or partial discharge of the Borrower [or] any ... circumstance which might otherwise constitute ... a defense available to, or a discharge of, the Borrower"—do not diminish the guarantor's obligations. Indeed, although the guaranty explicitly provides for the guarantor's release in the event that the principal amount or interest rate on the Loans is increased, there is no provision as to a decrease. Moreover, Toshiba's contention at oral argument that the December 31 agreement extended the final payment date under the Loans, thus implicating the second exception of section 2(ii) of the guaranty, is not tenable as the final payments of Additional Interest with respect to both the $3,500,000 Loan and the $1,500,000 Loan were not due until 1997. Thus, although the April 12 and December 31 agreements may have altered the contractual relationship between the FDIC and the Lenox Hill parties, they did not affect Toshiba's contractual relationship with the FDIC.

The guaranty also contains a comprehensive waiver. Section 3 provides:

The Guarantor hereby waives ... any requirement that the Bank [i.e., the FDIC] exhaust any right to take any action against the Borrower or the Leasing Entity or any other person or entity or any collateral ...

Thus, the FDIC was under no obligation to pursue the Lenox Hill parties at all before proceeding against Toshiba. It follows that Toshiba has no right to be released from the guaranty merely because the FDIC and the Lenox Hill parties arrived at a settlement figure that was lower than the amount originally owed.[1]

In connection with its assertion that the FDIC and the Lenox Hill parties have in bad faith combined to shift to it the burden of repaying the Loans, Toshiba maintains that the guaranty should not be construed against it because the April 12 and December 31 agreements cut off its right of subrogation. Because the conclusion that Toshiba remains a party to the guaranty does not depend upon whether it has recourse against the Lenox Hill parties, the issue of whether a right of subrogation exists remains open for future proceedings.

\* \* \* \* \* \*

The motion is denied. It is so ordered.